UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| WISH L.L.C. | ) | |
| A Limited Liability Company | ) | |
| 307 Massachusetts Avenue NE, | ) | |
| Washington, D.C. 20002 | ) | |
| | ) | |
| *Plaintiff*, | ) | |
| | ) | |
| v. | ) | Case No. _____ |
| | ) | |
| WDC - INTERN STUDENT HOUSING, | ) | |
| L.L.C. | ) | |
| A Limited Liability Company | ) | |
| 6215 Berkeley Road | ) | |
| Alexandria, Virginia 22307 | ) | |
| | ) | |
| and | ) | |
| | ) | |
| KATHRYN McGREGOR GAIETTO | ) | |
| 6215 Berkeley Road | ) | |
| Alexandria, Virginia 22307 | ) | |
| | ) | |
| and | ) | |
| | ) | |
| MICHAEL GAIETTO | ) | |
| 6215 Berkeley Road | ) | |
| Alexandria, Virginia 22307 | ) | |
| | ) | |
| *Defendants* | ) | |

## COMPLAINT

Comes now the Plaintiff, WISH L.L.C., by its undersigned attorneys, and for its

Complaint against Defendants WDC - Intern Student Housing, Kathryn McGregor Gaietto and

Michael Gaietto, alleges as follows:

## THE PARTIES

1.      Plaintiff WISH L.L.C. ("WISH") is a District of Columbia limited liability company with its principal place of business at 307 Massachusetts Avenue NE, Washington, D.C. 20002.

2.      Defendant WDC - Intern Student Housing, LLC ("WDC") is a District of Columbia limited liability company, organized on or about March 2, 2015, with its principal place of business at 6215 Berkeley Road, Alexandria, VA 22307.  Upon information and belief, WDC is operating its business at 510 C Street NE, Lower Level, Washington, D.C. 20002.

3.      Defendants Kathryn ("Katy") McGregor Gaietto and Michael Gaietto ("Michael") are individual adults who are married to each other.  Upon information and belief, they reside at 6215 Berkeley Road, Alexandria, VA 22307.

## JURISDICTION AND VENUE

4.      This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338.

5.      This Court has supplemental jurisdiction over all state law claims under 28 U.S.C. § 1367(a).

6.      This Court has *in personam* jurisdiction over Defendants because they regularly transact business in the District of Columbia, including owning real property for business purposes in the District of Columbia, and operating, advertising and providing residential housing services in the District of Columbia, and because they caused tortious injury within the District of Columbia.  Venue is proper in this District under 28 U.S.C. § 1391(b) because a substantial part of the events giving rise to this claim arose in the District of Columbia.

## PARTIES

### I.    Plaintiff WISH

7.    Since in or about 2000, WISH, itself and through its predecessor, has provided high quality student intern housing and enhanced student intern experiences in a secure, supervised, interns-only environment in Washington D.C.

8.    WISH leases and manages residential buildings in which it houses interns, and by design, many of the buildings are located in some of the District of Columbia's most historic neighborhoods.  The apartments that WISH provides to interns are fully-furnished and security-monitored.  WISH requires its intern residents to comply with an overlay of rules that are not typical in a standard residential lease.

9.    Six of the residential buildings in which WISH houses student interns are leased exclusively by WISH from the buildings' owners, Katy and Michael, or Limited Liability Companies controlled by them.

10.    As part of its enhanced intern housing services, WISH also provides its intern residents a range of educational, political, cultural and historical information of interest to student interns in Washington D.C., as well as special programming including speakers, receptions, networking events, and informal mentoring sessions by alumni.

11.    Integral to its business model, WISH regularly works and coordinates with universities locally and around the world to provide short-term temporary housing in Washington D.C. for students and faculty, as needed on a semester-by-semester basis.

12.    As a result of its nearly twenty-five years providing enhanced student intern housing experiences to student interns in the District of Columbia, WISH has become well

known locally, nationally and internationally for providing such services, and it is sought after by student interns looking to temporarily relocate to Washington D.C.

13.    Student interns and their families contract with WISH not simply for the residential services that WISH provides, but also for WISH's unique, value-added features described *supra*, which are important factors that distinguish WISH from its competitors.

14.    Jacqueline Lewis is the Managing Member of WISH.  She also is Defendant Katy Gaietto's mother.

## II.    Defendants

15.    Defendant Katy Gaietto was employed by WISH from August 27, 2011, until March 13, 2015, and she was its Chief Executive Officer (CEO) from January 2, 2014 to March 13, 2015, when her services were terminated for cause.

16.    Defendant Michael Gaietto was employed by WISH from January 2, 2006 to March 16, 2015, and he was its Vice President for Property Development from January 2, 2012 to March 16, 2015, when his services were terminated for cause.

17.    Together, Katy and Michael own a twenty percent (20%) tenancy-by-the-entirety interest in WISH.

18.    Defendant WDC is a company that Katy and Michael Gaietto formed while both were employed by WISH, and its primary business purpose and activity is to own and provide short-term rental housing to student interns in the District of Columbia, in direct competition with WISH, utilizing the same residential properties which Katy and Michael (directly or through owned and controlled affiliated entities) have leased to WISH exclusively.

19.    Upon information and belief, Defendants Katy and Michael Gaietto own the majority of and/or control Defendant WDC.

## FACTS

**I.      Defendants Rely on Misappropriation of Plaintiff WISH's Trade Secrets to Unfairly Compete with WISH.**

20.      On March 13, 2015, WISH terminated the employment of Katy, and on March 16, 2015, WISH terminated the employment of Michael.  These terminations were due to Katy's and Michael's breaches of their duty of  loyalty to WISH's best interests.

21.      On or about May 14, 2015, Katy contacted an officer of Running Start, an existing WISH client, in an attempt to solicit Running Start to be a WDC client.

22.      On May 21, 2015, WISH employees discovered a demo website for Defendant WDC, by which WDC was and is marketing housing for student interns in Washington D.C. in direct competition with WISH.

23.      On or about May 28, 2015, WDC's website went live.  The WDC website featured and continues to feature one or more of the Buildings exclusively leased to WISH as housing which is available for student interns through WDC.

24.      On June 19, 2015, a WISH employee contacted WDC via the email address on the WDC website to inquire about WDC housing.  Katy replied and confirmed that she could accommodate his request.  She quoted a rate lower than that offered by WISH.

25.      On March 2, 2015, before their termination and while they had  unfettered access to all of Plaintiff's privileged, confidential and proprietary information, Defendants Katy and Michael Gaietto registered a newly-created limited liability company, Defendant WDC, using their home as the corporate location.

26.      Defendant WDC's business model is substantially similar to that of Plaintiff WISH, *i.e.*, via web marketing, print publications and relationships with post-secondary

educational institutions, Defendant markets student intern housing in Washington D.C. and promises the same added-value D.C. intern-experience that Plaintiff has provided for many years.

27.     Upon information and belief, Defendants misappropriated Plaintiff's confidential information and company trade secrets including, without limitation, client identity and contact information, client pricing, client occupancy levels and locations, historical and projected sales data, business plans, business strategies and contracts.

28.     Plaintiff engages in well-established processes to protect such confidential information from being generally known and readily ascertainable to employees outside of designated sales staff.

29.     Plaintiff's policy restricts access to the tracking customer list to four members of the sales staff.  The tracking customer list is safeguarded by limiting access to the server. Plaintiff's policy prohibits all employees from taking tracking sheets or financials out of the office.  All newly hired employees at WISH are instructed on the security of client lists, financials and all other confidential material, as well as the non-compete policy.

30.     During their employment with Plaintiff WISH, Defendants Katy and Michael Gaietto were bound by various company policies, including the Non-Disclosure and Use of Confidential Information policies, as well as various company protocols to safeguard WISH's confidential and proprietary information.  These protocols included limiting employee access to confidential client information and client tracking lists, and controlling usage and removal of client data from Plaintiff's offices.

31.     Defendants Katy and Michael Gaietto, by and through Defendant WDC, are actively soliciting Plaintiff's existing clients using Plaintiff's confidential information in an attempt to illegally compete with Plaintiff.

32.     Defendants are actively using Plaintiff's confidential information to offer lower housing rates than Plaintiff.

**II.     Defendants Misappropriate and Infringe Plaintiff WISH's Trade Name and Service Marks to Unfairly Compete with WISH, Causing a Likelihood of Confusion to Prospective Clients.**

33.     Defendants' bad-faith entry into the student intern housing market in Washington D.C. relies on their adoption and use of a confusingly similar, colorable imitation of Plaintiff's trade name and service marks.

34.     Plaintiff is the exclusive owner of the distinctive WASHINGTON INTERN STUDENT HOUSING trade name, which it has used for at least ten years in the District of Columbia in connection with its enhanced student intern housing business.

35.     Plaintiff is the exclusive owner of the distinctive, federally registered service marks, WASHINGTON INTERN STUDENT HOUSING, Reg. No. 4,574,871 and WISH



Capitol Dome Logo, Reg. No. 4,651,487 (collectively "Plaintiff's Service Marks")  True and correct copies of the United States Patent and Trademark Office certificates of registration for service marks WASHINGTON INTERN STUDENT HOUSING

and WISH Capitol Dome Logo are attached hereto as Exhibits __ and __, respectively, and they are incorporated as if set forth here in full.

36.     As a result of more than ten years of use of its trade name and service marks in connection with its enhanced student intern housing services, Plaintiff's trade name and service marks have acquired secondary meaning and come to represent and symbolize Plaintiff as the source of origin of enhanced student intern housing services by that name and associated with its logo featuring the Capitol Dome.

37.     Upon information and belief, in order to create confusion among prospective customers as to a possible connection or affiliation with, or endorsement by, the Plaintiff, Defendants have engaged in a pattern of imitating and mirroring Plaintiff's trade name and service marks.

38.     Illustratively, Defendant WDC uses its trade name "WDC Intern Student



Housing" and the logo featuring the U.S. Capitol Dome  which are confusely similar to and incorporate dominant elements from Plaintiff's trade name



"Washington Intern Student Housing," and The Capitol Dome Logo, , Defendant's mere substitution of the shortened version of the word Washington, namely "WDC", does not obviate the confusion that would likely issue from the use of the WDC logo. Clearly "WDC" would be perceived as meaning Washington D.C.



39.     Further, Defendant's logo essentially merges

Plaintiff's  federally registered service marks WASHINGTON INTERN STUDENT HOUSING



with its federally registered service mark the Capitol Dome logo,                    ,

creating a likelihood of confusion among prospective customers.

40.     Upon information and belief, in order to create confusion among current and

prospective customers, Defendants posted an 8 ½" by 11" sign on the walls of a Building in

which Plaintiff WISH student interns reside and prospective students tour.  The sign contained

the WISH trade name and service marks and read: "ATTN. HOUSEKEEPING SUSTAINABLE

WEEKLY ALLOTMENT OF TOILET TISSUE: 4 ROLLS," but listed Defendant WDC's

contact information.  Plaintiff WISH did not produce this sign, nor did it authorize the use of its

trade name or service marks on the sign.

41.     Plaintiff has priority over Defendants with respect to use of their respective marks

based on its more than ten years of use of its trade name and service marks.


III.    **Defendants Misappropriate Plaintiff's History in its Online Advertising, Falsely
        Creating an Association with Plaintiff to Cause Confusion as to Source, Association,
        or Affiliation Unfairly Competing with Plaintiff WISH**

42.     Upon information and belief, in order to create confusion among prospective

customers as to a possible connection or affiliation with, or endorsement by, the Plaintiff,

Defendants have engaged in a pattern of monitoring and mirroring the look and feel of WISH's website, promotional materials and administrative materials, and it continues to do so.

43.     Plaintiff advertises its services and provides its various information services primarily on the Internet via its website, <www.internsdc.com> ("Plaintiff's Website").

44.     Plaintiff WISH has registered its copyright in its Website under TX0007402790 and TX0007389450.

45.     On or about May 14, 2015, Michael Gaietto sent, via email, several photos of a property in which WISH has provided and continues to provide housing for student interns to WDC's website developer, Greenbug Marketing, and he asked the developer to "add to web site" (the "Greenbug Marketing email").

46.     Additionally, Defendant WDC's website contains references to "family owned company" and "over 4,000 interns housed", demonstrating a deliberate effort to create a false impression that WDC is carrying on in continuity with WISH.  The website is located at <www.dcinternstudenthousing.com> ("Defendant's Website").

47.     The totality of the elements that are "borrowed" from Plaintiff WISH's website cumulatively create for Defendant WDC a look and feel  substantially similar to those of WISH's website.

48.     Defendant WDC has copied and misappropriated forms, documents and other publications from Plaintiff WISH and has created substantially similar documents for use in its own business.

49.     Plaintiff WISH has a registered copyright in its House Rules.

50.     Defendant WDC uses a "House Rules" document that is substantially similar to that of Plaintiff WISH ("Defendant's House Rules").

51.     Aside from Defendant WDC's changing the positioning of a few of the sentences, the sentences contained in Defendant's House Rules are substantially similar to those of WISH. Defendant's use of substantially the same sentences in substantially the same order infringes Plaintiff's copyright in its House Rules.

52.     While employed at WISH, Defendants Katy and Michael Gaietto had unfettered access to forms and documents such as WISH's House Rules.

53.     Defendant WDC copied Plaintiff WISH's House Rules and created a substantially similar document used for marketing, promoting and publication of policy to prospective student interns.

54.     In the aggregate, Defendants' use of a trade name and logo confusingly similar to, and a colorable imitation of, WISH's trade name and distinctive, federally registered service marks; use of a website that promotes a program nearly identical to Plaintiff's enhanced student intern housing program; and use of forms, agreements and publications substantially similar to those used by WISH are cumulatively likely to cause customer confusion.


**COUNT ONE**
**VIOLATION OF § 32 OF THE LANHAM ACT, 15 U.S.C. § 1114; INFRINGEMENT OF A FEDERALLY REGISTERED SERVICEMARK**


55.     Plaintiff re-alleges and incorporates by reference as if fully set forth herein the allegations contained in paragraphs 1 through 54.

56.     Plaintiff is the exclusive owner of the distinctive, federally registered mark WASHINGTON INTERN STUDENT HOUSING, Reg. No. 4, 574, 871, and the distinctive,



federally registered service mark , Reg. No. 4, 651, 487 ("Plaintiff's

Capitol Dome Logo").

57.   Defendant's logo merely merges Plaintiff WISH's Service Marks, namely,

WASHINGTON INTERN STUDENT HOUSING with its Capitol Dome logo,

. Defendant's substitution of "WDC" for "Washington" in its logo

 does not obviate the confusion that would be likely to issue from its

unauthorized use.

58.   Defendants have been and still are infringing Plaintiff WISH's distinctive and

federally registered service marks pursuant to section 32 of the Lanham Act, 15 U.S.C. § 1114,

by the unauthorized use of the WASHINGTON INTERN STUDENT HOUSING Service Mark

and the Capitol Dome Logo, , as the dominant portions of their service

marks, trademarks, and trade names, and in the advertising, promotion, marketing and sale of their student intern housing business in Washington D.C., which acts have caused a likelihood of confusion, mistake or deception to consumers, prospective purchasers and the trade as to the source of Defendant's services, believing them to emanate from WISH, or as being authorized, sponsored or approved by WISH, thus impairing WISH's goodwill symbolized by its Service Marks, including the WASHINGTON INTERN STUDENT HOUSING Service Mark and Plaintiff's Capitol Dome Logo.

59.     Defendants have knowingly, willfully and wantonly infringed Plaintiff's Service Marks WASHINGTON INTERN STUDENT HOUSING and Plaintiff's Capitol Dome Logo.

60.     Defendants' actions infringing Plaintiff WISH's rights in the WASHINGTON INTERN STUDENT HOUSING Service Mark and the Capitol Dome Logo,

, have caused and shall continue to cause great injury and damage to WISH and the goodwill of its business associated with its marks, for which injury and damage cannot be adequately quantified.

61.     As a result of Defendants' conduct, WISH has suffered and continues to suffer irreparable damage, and unless this Court enjoins Defendants from further commission of such acts of infringement, WISH will have no adequate remedy at law.

**COUNT TWO**
**UNFAIR COMPETITION/FALSE DESIGNATION OF ORIGIN UNDER**
**SECTION 43(a) OF THE LANHAM ACT; 15 U.S.C. § 1125(a)**

62.     Plaintiff re-alleges and incorporates by reference as if fully set forth herein the allegations contained in paragraphs 1 through 61.

63.     Defendants have been and still are engaging in false designation of origin and false representation under section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), by the unauthorized use of Plaintiff's Service Marks WASHINGTON INTERN STUDENT HOUSING

and the Capitol Dome Logo, , as the dominant portion of its service mark, trademark and trade name, and in the advertising, promotion, marketing and sale of its student intern housing services in Washington D.C., thereby falsely representing that the Defendants' services are somehow provided, sponsored or licensed by, or somehow otherwise affiliated with WISH.

64.     Defendants' deliberate and wrongful acts of false designation of origin and false representation have caused, and will continue to cause, great injury and damage to Plaintiff's goodwill, which injury and damage cannot be adequately quantified.

65.     As a direct and proximate result of Defendants' conduct, Plaintiff WISH has suffered and continues to suffer irreparable damage, and unless this Court enjoins Defendants from further commission of such acts of false designation of origin and false representation, WISH will have no adequate remedy at law.

**COUNT THREE**
**VIOLATION OF LANHAM ACT, 15 U.S.C. § 1125(a); INFRINGEMENT OF A**
**COMMON LAW MARK**

66.     Plaintiff re-alleges and incorporates by reference as if fully set forth herein the

allegations contained in paragraphs 1 through 65.

67.     Defendants' use of the confusingly similar WDC INTERN STUDENT



HOUSING trade name, service mark, and  Logo is likely to cause

confusion to consumers, prospective purchasers and the trade as to the source of origin of the

services of the Defendants, unfairly competing with, and operating to the detriment of WISH,

which injury and damage cannot be adequately quantified.

68.     As a result of Defendants' conduct, Plaintiff has suffered and continues to suffer

irreparable damages, and unless this Court enjoins Defendants from further commission of such

acts of unfair competition, Plaintiff will have no adequate remedy at law.

**COUNT FOUR**
**COMMON LAW UNFAIR COMPETITION**

69.     Plaintiff re-alleges and incorporates by reference as if fully set forth herein the

allegations contained in paragraphs 1 through 68.

70.     Plaintiff is the exclusive owner of the federally-registered Service Marks

WASHINGTON INTERN STUDENT HOUSING and the Capitol Dome logo,

, for use in connection with its business of student intern housing in

Washington D.C., which are distinctive and have acquired secondary meaning.  Services offered

under the Service Marks WASHINGTON INTERN STUDENT HOUSING and Plaintiff's

Capitol Dome Logo are widely recognized as originating with WISH.

     71.    Defendants' use of a colorable imitation of Plaintiff's Service Mark

WASHINGTON INTERN STUDENT HOUSING and Plaintiff's Capitol Dome Logo, in its

 logo, in intrastate and interstate commerce, constitutes false

designation of origin and false representation, and such use wrongfully and falsely designates

Defendants' goods and services as originating from or connected with WISH.

     72.    Defendants' use of a colorable imitation of Plaintiff's  Service Mark

WASHINGTON INTERN STUDENT HOUSING and Plaintiff's Capitol Dome Logo, in its

 logo, is an intentional misappropriation of the goodwill of

Plaintiff's Service Marks that is likely to cause confusion or mistake among consumers,

prospective student residents and the trade, and is likely to deceive them.

     73.    Defendants' unlawful conduct constitutes unfair competition in violation of the

common law.

74.     Defendants' deliberate and wrongful acts of unfair competition have directly and proximately caused and will continue to cause, great injury and damage to WISH's goodwill, which injury and damage cannot be adequately quantified.

75.     As a direct and proximate result of Defendants' conduct, Plaintiff has suffered and continues to suffer irreparable damage, and unless this Court enjoins Defendants from further commission of such acts of unfair competition, Plaintiff will have no adequate remedy at law.

**COUNT FIVE**
**COMMON LAW TRADEMARK INFRINGEMENT**

76.     Plaintiff re-alleges and incorporates by reference as if fully set forth herein the allegations contained in paragraphs 1 through 75.

77.     Plaintiff's service marks WASHINGTON INTERN STUDENT HOUSING and

 have, through their long-term use in connection with Plaintiff's enhanced student intern housing services, acquired secondary meaning indicating that the source of origin of WISH student intern housing services is Plaintiff and no other entity.

78.     Plaintiff has used its service mark "WASHINGTON INTERN STUDENT HOUSING and Plaintiff's Capitol Dome Logo in the District of Columbia for nearly fifteen years, acquiring strong common law rights in its mark.

79.     Defendant's misappropriation of Plaintiff's service marks WASHINGTON INTERN STUDENT HOUSING and Plaintiff's Capitol Dome Logo, in order to pass off its own

services as those of Plaintiff, has caused actual confusion to prospective customers to divert them to its own rental services, and it is likely to confuse such customers if such acts continue.

80.     Plaintiff has no control over the nature and quality of the Defendant's services. Customers believing that WISH is the source of such services are likely to blame Plaintiff for any failure, neglect or default of Defendants in providing quality services, tarnishing Plaintiff's goodwill and reputation, resulting in loss of business by Plaintiff, and resulting in irreparable harm to both Plaintiff and the public.

81.     Unless the Court enjoins the Defendants from continuing such deceptive acts, Plaintiff will continue to suffer irreparable harm.

82.     Upon information and belief, Defendants have been unjustly enriched, have acquired unlawful gains and profits from their acts of false designation of origin, infringement and unfair competition as alleged above, and have caused loss, injury and damage to Plaintiff, its goodwill and the service marks WASHINGTON INTERN STUDENT HOUSING and the

Capitol Dome logo , in an amount to be determined at trial.

**COUNT SIX**
**VIOLATION OF COPYRIGHT ACT, 17 U.S.C. § 501 –**
**INFRINGEMENT OF COPYRIGHT**

83.     Plaintiff re-alleges and incorporates by reference as if fully set forth herein the allegations contained in paragraphs 1 through 82.

84.     Plaintiff is the owner of duly registered copyrights in the Plaintiff's Website and House Rules as described above.  Plaintiff owns the exclusive rights, among others, to reproduce, distribute, publicly display and prepare derivative works based upon these works.

85.     Defendants have never been authorized by Plaintiff to reproduce, distribute, publicly display or prepare derivative works based on Plaintiff's copyrighted works.  Any such reproduction, distribution, public display and preparation of derivative work is unlawful under Title 17 of the United States Code.

86.     Defendants have reproduced, distributed, publicly displayed and/or prepared derivative works based upon Plaintiff's copyrighted works, in the nature of Defendant WDC's Website and Defendant WDC's House Rules.

87.     As a result of Defendants' unlawful and willful acts including, in certain cases, literal copying, Plaintiff has suffered, and continues to suffer, substantial damages and irreparable injury, in an amount not yet calculated.

88.     Plaintiff has no adequate remedy at law and is therefore entitled to preliminary and permanent injunctive relief.

## COUNT SEVEN
## VIOLATION OF D.C. CODE §§ 36-401 et seq.; MISAPPROPRIATION OF TRADE SECRETS

89.     Plaintiff re-alleges and incorporates by reference as if fully set forth herein the allegations contained in paragraphs 1 through 88.

90.     In an abuse of their fiduciary relationship with the Plaintiff, Defendants Katy and Michael Gaietto acquired by improper means WISH's trade secrets in the form of client identity

and contact information, client pricing, client occupancy levels and locations, historical and

projected sales data, business plans, business strategies and contracts.

91.     As fiduciaries to Plaintiff, Katy and Michael had a duty to Plaintiff to maintain

the secrecy of its client lists and pricing lists.

92.     WISH has never provided express or implied consent to Katy or Michael for their

use of Plaintiff's trade secrets, client lists or  pricing lists in their roles as owners of WDC.

93.     Defendants misappropriated Plaintiff WISH's trade secrets and client and pricing

lists to unfairly compete with Plaintiff in the Washington D.C. student intern housing market.

94.     WISH's trade secrets and client and pricing lists provide actual and potential

independent economic value.

95.     WISH made reasonable efforts to maintain the confidentiality of the trade secrets

and client and pricing lists.  The client and pricing lists were WISH's property and were  kept

from public access with technological safeguards, restricted employee access, and

comprehensive and carefully adhered to protocols.

96.     As a direct and proximate result of Defendants' acts of misappropriation and use

of WISH's trade secrets, Defendants have been unjustly enriched.

97.     As an additional proximate result of Defendants' acts of misappropriation, WISH

has sustained and will continue to sustain great and irreparable injury in that it will lose

customers and accounts, causing injury to Plaintiff's company and employees, and Defendants'

actions will potentially put Plaintiff WISH out of business.  Plaintiff has no adequate remedy at

law for these injuries.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays that this Court:

1.      Enter judgment in favor of Plaintiff WISH and against Defendants, jointly and severally, as to each of the above Counts;

2.      Award compensatory damages against Defendants, jointly and severally, and in favor of Plaintiff in an amount to be determined at trial, together with interest;

3.      Award treble and/or punitive damages in an amount to be determined at trial;

4.      Order an accounting to determine the profits realized by Defendants due to the unauthorized use of the Plaintiff's Service Marks, and order Defendants pay three times such profits or damages, whichever is greater;

5.      Enjoin Defendants, and any of their officers, directors, agents, servants, employees, representatives, successors, assigns, attorneys, licensees, distributors and all persons in active concert or participation with Defendants, from directly or indirectly:

   a.  Using Plaintiff's Service Marks and using any confusingly similar designation, alone or in combination with other words, as a trademark, service mark,  trade name or domain name, to identify, market, distribute, advertise, promote, to offer for sale or to provide any services;

   b.  Otherwise infringing the Plaintiff's Service Marks;

   c.  Continuing acts of false designation of origin or unfair trade practices herein complained of, or doing any acts that may cause Defendants' services to be mistaken for, confused with, or passed off as Plaintiff WISH's services; and

d.   Applying for or attempting to register with any governmental entity,
including but not limited to the District of Columbia, the State of Virginia
and the U.S.P.T.O., any trademark or service mark consisting in whole or
in part of the words Washington Intern Student Housing or the Capitol
Dome logo.

6.      Direct Defendants to file with this Court and to serve on Plaintiff WISH, within
ten (10) days after issuance of an injunction, a report in writing, under oath, setting forth in detail
the manner and form in which Defendants have complied with the injunction;

7.      Require Defendants to deliver up for destruction all goods, signs, literature,
advertising and other materials bearing any trademark confusingly similar to or a colorable
imitation of  Plaintiff's WASHINGTON INTERN STUDENT HOUSING or its Capitol Dome

logo, , including but not limited to the  logo,
, used in connection with Defendants' services;

8.      Award Plaintiff its costs and expenses of this litigation, including reasonable
attorneys' fees and experts' fees; and

9.      Award such other and further relief as this Court deems just and proper.

Respectfully submitted,

WISH, L.L.C.
Plaintiff
By Counsel

CROWLEY, HOGE & FEIN, P.C.

By:  /s/ Christopher G. Hoge
     Christopher G. Hoge  #203257

Attorneys for Plaintiff
1730 Rhode Island Avenue, N.W.  #1015
Washington, D.C.  20036
(202) 483-2900
(202) 483-1365 (FAX)
chfcgh@aol.com

## **JURY DEMAND**

Plaintiff respectfully demands trial by jury as to all issues of fact raised herein.

/s/ Christopher G. Hoge
Christopher G. Hoge